UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE WHITING-TURNER CONTRACTING COMPANY,<br><br>Defendant. | Case No. 3:21-cv-00753<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM OPINION AND ORDER

This memorandum order addresses Plaintiff Equal Employment Opportunity Commission's (EEOC) motion for an order requiring Defendant The Whiting-Turner Contracting Company (Whiting-Turner) to destroy or return copies of investigation files related to this action that the EEOC inadvertently produced in response to Whiting-Turner's Freedom of Information Act (FOIA) request. (Doc. No. 55.) Whiting-Turner has responded in opposition (Doc. No. 62), and the EEOC has filed a reply (Doc. No. 64). For the reasons that follow, the EEOC's motion (Doc. No. 55) will be granted in part and denied in part.

I.  **Background**

The Equal Employment Opportunity Commission (EEOC) initiated this action on September 30, 2021, alleging that Defendant The Whiting-Turner Contracting Company (Whiting-Turner) engaged in employment practices at its Vandelay SPC Project worksite in Clarkesville, Tennessee, that violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Doc. No. 1.) The EEOC's claims arise out of charges filed by Clifford A. Powell,

Jr.[1], and Darren L. Riley alleging that they were subjected to a racially hostile work environment and racially discriminatory working conditions when they were placed in laborer positions at the Vandelay SPC Project construction site by non-party temporary employment agency Express Employment Professionals (Express). Based on these allegations, the EEOC brings claims against Whiting-Turner charging a racially hostile work environment under Title VII on behalf of Riley and Powell and on behalf of a class of Black employees. The EEOC also claims retaliation under Title VII.

On October 14, 2021, approximately two weeks after the EEOC initiated this action (Doc. No. 1), Whiting-Turner submitted a FOIA request to the EEOC seeking "copies of all documents in the . . . EEOC investigative files" identified as "Clifford A. Powell, Jr. v. Whiting-Turner Contracting Co.; Darren L. Riley v. Whiting-Turner Contracting Co. EEOC Nos. 494-2019-01824 & 25A-2018-00553C." (Doc. No. 56-1.) Whiting-Turner stated in its request letter that the EEOC "has filed a lawsuit in the United States District Court for the Middle District of Tennessee based on the above charges (Case No. 3:21-cv-00753)," and it attached a copy of the EEOC's complaint in this action. (*Id.*)

The EEOC provided the declaration of Michal L. Heise, its Acting Assistant Legal Counsel, FOIA Division, with its motion (Doc. No. 56-3). Heise states that "the FOIA Division of the Memphis District Office of EEOC processed both FOIA Requests" on November 12 and November 15, 2021. (*Id.*) Heise states that "[t]he FOIA Records Disclosure Coordinator who processed the FOIA requests inadvertently produced 289 pages of documents from Darren Riley's charge file and produced 362 pages of documents from the Clifford Powell charge file to [Whiting-

---

[1] Powell's charge was initially filed with the Tennessee Human Rights Commission and later transferred to the EEOC. (Doc. No. 33.)

Turner's counsel]." (*Id.*) According to Heise, the Coordinator "should have denied" Whiting-Turner's requests "because EEOC had filed a Complaint in this Court on September 30, 2021[,] in part[] based on the charges of discrimination filed by Darren Riley and Clifford Powell." (*Id.*)

The EEOC's counsel contacted Whiting-Turner's counsel by letter on November 24, 2021, regarding the produced information. (Doc. No. 56-2.) The EEOC notified Whiting-Turner that the FOIA Coordinator "inadvertently disclosed and sent privileged information to you" and asked that Whiting-Turner "immediately destroy all documents [it] received in response to [its] FOIA request, as well as any copies [it had] made, and certify their destruction in accordance with 28 U.S.C. § 1746." (*Id.*) As the basis for its request, the EEOC cited FOIA Exemption 7(A), codified at 5 U.S.C. § 552(b)(7)(A), and stated that Whiting-Tuner was not entitled to the charge files because the files "were compiled for law enforcement purposes and their production interferes with ongoing enforcement proceedings." (*Id.*) The EEOC stated that, "[a]fter a standard review, [it would] produce all documents [Whiting-Tuner is] entitled to in the ordinary course of the civil discovery process." (*Id.*)

Whiting-Turner responded by letter on November 30, 2021, stating that it disagreed with the EEOC's position that the files had been produced inadvertently. (Doc. No. 56-4.) Whiting-Turner noted that the determination letter accompanying the production "detailed the exemptions that the [EEOC] elected to assert, and the categories of documents withheld pursuant to each exemption," specifically citing FOIA Exemptions 5 and 7(C). (*Id.*) Whiting-Turner stated that the EEOC did not assert FOIA Exemption 7(A) in its determination letters and had thus waived its right to rely on that provision for return of the produced material. (*Id.*) Whiting-Turner requested additional information regarding the inadvertent production of the files and asked the EEOC to "identify the specific documents in the Powell and Riley files . . . that the [EEOC] alleges would

interfere with the [EEOC's] law enforcement proceedings, as well as a brief description of how the documents would interfere with the proceedings." (*Id.*) The record does not contain the EEOC's response to that request.

The parties were not able to resolve their dispute over this issue through informal negotiations and the EEOC filed the present motion.

**II.     Legal Standard**

The Freedom of Information Act (FOIA) "generally provides that every federal agency shall promptly make available upon request records reasonably described. 5 U.S.C. § 552(a)(3)(A). Under the Act, an agency may not withhold or limit the availability of any record, unless one of the FOIA's specific exceptions applies." *Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 543 (6th Cir. 2001). FOIA Exception 7(A) excludes "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings . . . ." 5 U.S.C. § 552(b)(7)(A).

**III.    Analysis**

What the EEOC seeks by its motion is, in essence, the ability to claw back the information from the Riley and Powell files that it inadvertently produced in response to Whiting-Turner's FOIA request. The FOIA does not contain a claw-back provision; thus, courts must rely on their inherent authority to control and preserve the integrity of judicial proceedings to order the return of documents that agencies inadvertently disclose pursuant to FOIA requests. *See Sierra Club v. EPA*, 505 F. Supp. 3d 982, 988–89 (N.D. Cal. 2020). The Supreme Court has directed that "Congress did not intend to limit the court's exercise of its inherent equitable powers where consistent with the FOIA." *Long v. IRS*, 693 F.2d 907, 909 (9th Cir. 1092) (citing *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 19 (1974)). However, a party must offer "a

compelling rationale for holding that a court should wield its inherent authority to compel the return or destruction of documents produced under FOIA any time the producing agency could have invoked a statutory exemption but inadvertently failed to do so." *Sierra Club*, 505 F. Supp. 3d at 991.

### A. The FOIA and Discovery Under the Federal Rules of Civil Procedure

The EEOC first argues that, by issuing a FOIA request after this action had been filed, Whiting-Turner wrongfully circumvented the sequencing of discovery established by Federal Rule of Civil Procedure 26. (Doc. No. 56.) As relevant to the EEOC's argument, Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The EEOC argues that, because this action was pending, Whiting-Turner was required to seek the Court's leave under Rule 26(d) before issuing a FOIA request. (Doc. No. 56.) Whiting-Turner responds that the Federal Rules of Civil Procedure do not apply to FOIA requests and that it was not required to follow Rule 26(d)'s timing and sequencing provisions. (Doc. No. 62.)

"The primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery." *Baldrige v. Shapiro*, 455 U.S. 345, 360 n.14 (1982). The Sixth Circuit has repeatedly held "that 'a FOIA request is not a substitute for the normal process of discovery in civil and criminal cases.'" *Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 547 (6th Cir. 2001) (quoting *Jones v. F.B.I.*, 41 F.3d 238, 250 (6th Cir. 1994)). However, a person or entity's rights under the FOIA are not "in any way diminished by its being a private litigant, but neither are they enhanced by [a] particular, litigation-generated need for these materials." *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 n. 23 (1978). In other words, "rights under the

[FOIA] are neither increased nor decreased by" one's status as a party to litigation. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975).

Wright and Miller address "the interaction between discovery pursuant to Rules 26 to 37 and the [FOIA]," noting that, "[b]ecause [the FOIA] was intended as a vehicle for public access to information about governmental activities, it does not require that any showing of need be made to justify the disclosure," in contrast to the Federal Rules of Civil Procedure's requirement that a litigant "show that the material sought is sufficiently relevant to the issues raised in the litigation to fall within the scope of discovery." 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2005 (3d ed. updated Apr. 2022) (footnotes omitted). "Thus, litigants, or potential litigants, may resort to the FOIA as a supplement or substitute for discovery. But the government is allowed to withhold items requested under the FOIA on the ground of various exemptions, some of which track privileges applicable to discovery." *Id.* In sum, "although it is not the purpose of the FOIA to afford litigants a supplement to discovery, in general a litigation-related purpose should not be a bar to a FOIA request." *Id.*

The EEOC offers no authority to support its argument that the Federal Rules of Civil Procedure prohibited Whiting-Turner from making a FOIA request after the initiation of this action or required it to seek leave of court to do so. A review of relevant caselaw shows that, although courts do not endorse the substitution of a FOIA request for civil discovery and may employ certain means to discourage it, they do not find that the Federal Rules of Civil Procedure bar or limit such requests.[2] Whiting-Turner notified the EEOC of the relationship between the files it sought under

---

[2] For example, some courts discourage this practice by refusing to award attorney's fees to prevailing plaintiffs in FOIA actions where the plaintiff sought records under the FOIA for use in litigation, finding that employing FOIA in this manner does not support the public purpose of the Act. *See, e.g., Dorsen v. S.E.C.*, 15 F. Supp. 3d 112, 122–23 (D.D.C. 2014) (collecting cases); *Simon v. United States*, 587 F. Supp. 1029, 1033 (D.D.C. 1984) ("This case presents another

6
Case 3:21-cv-00753   Document 106   Filed 08/09/22   Page 6 of 15 PageID #: 1665

FOIA and this action in its FOIA request. It was not required to treat its FOIA request as part of discovery subject to the timing provisions of Rule 26.

B.  **The EEOC's Assertion of FOIA Exemption 7(A)**

The EEOC next argues that the files requested by Whiting-Turner are exempt from disclosure under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), and must be returned on that basis. (Doc. No. 56.) "Exemption 7(A) permits withholding of information if the information 1) is 'compiled for law enforcement purposes' and 2) its release 'could reasonably be expected to interfere with enforcement proceedings.'" *ACLU of Mich. v. F.B.I.*, 734 F.3d 460, 465 (6th Cir. 2013) (quoting 5 U.S.C. § 662(b)(7)(A)). "[T]he principal 'purpose of [the] exemption is to prevent [harm] to the Government's case in court by not allowing litigants early or greater access to agency investigatory files than they would otherwise have[.]'" *Pike v. U.S. Dep't of Just.*, 306 F. Supp. 3d 400, 407 (D.D.C. 2016) (alterations in original) (quoting *Mapother v. U.S. Dep't of Just.*, 3 F.3d 1533, 1540 (D.C. Cir. 1993)).

As employed in the first prong of the Exemption 7(A) test, "[t]he term 'law enforcement' . . . refers to the act of enforcing the law, both civil and criminal." *Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 203 (D.C. Cir. 2014). "[T]he term 'compiled' . . . requires that a document be created, gathered, or used by an agency for law enforcement purposes at some time before the agency invokes the exemption." *Id.* (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 155 (1989)). "The second aspect of the Exemption 7(A) inquiry—whether disclosure of the records . . . could reasonably be expected to

---

troublesome consideration for the court, in that FOIA seems to have been used as a substitute for civil discovery on the removal and first amendment claims. Such use of FOIA is not proper and this court will not encourage it by awarding fees. In these circumstances, fees are not necessary in order to vindicate the underlying policies of FOIA and encourage plaintiffs to persevere with meritorious document requests.").

interfere with [enforcement proceedings] in a manner that implicates subdivision (A)—requires a two-step analysis: a court considers, first, whether a law enforcement proceeding is pending or prospective, and second, whether disclosure of the requested records and information therein could reasonably be expected to cause some articulable harm to that proceeding." *Pike*, 306 F. Supp. 3d at 408.

An agency is not required to provide a document-by-document justification to make the showing of "articulable harm" that Exemption 7(A) requires. Instead, it may establish that the release of certain categories of documents would interfere with law-enforcement proceedings. *See, e.g.*, *Lazaridis v. U.S. Dep't of State*, 934 F. Supp. 2d 21, 37 (D.D.C. 2013) ("Under exemption 7(A) the government is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding. Rather, federal courts may make generic determinations that, 'with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally "interfere with enforcement proceedings."'" (quoting *Barney v. IRS*, 618 F.2d 1268, 1273 (8th Cir. 1980)). A party may not, however, make a "blanket" assertion that Exemption 7(A) applies to an entire file identified in a FOIA request. *See North v. Walsh*, 881 F.2d 1088, 1097 (D.C. Cir. 1989) ("Exemption 7(A) does not authorize automatic or wholesale withholding of records or information simply because the material is related to an enforcement proceeding."); *J.P. Stevens & Co. v. Perry*, 710 F.2d 136, 140–41 (4th Cir. 1983) (rejecting EEOC's "blanket exemption" argument "that disclosure of any law enforcement record is interference with the enforcement proceedings"); *Cuban v. S.E.C.*, 744 F. Supp. 2d 60, 85 (D.D.C. 2010) ("[T]his exemption is not meant to be a 'blanket exemption' for any files or records

that are relevant to an investigation—their disclosure must be reasonably expected to interfere in a 'palpable, particular way' with the investigation." (quoting *North*, 881 F.2d at 1100)).

To make the particularized showing that Exemption 7(A) requires, an agency must engage in a three-step process: "First, it must define its categories [of documents] functionally. Second, it must conduct a document-by-document review in order to assign documents to the proper category. Finally, it must explain to the court how the release of each category would interfere with enforcement proceedings." *Bevis v. Dep't of State*, 801 F.2d 1386, 1389–90 (D.C. Cir. 1986); *see also Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1038 (7th Cir. 1998) ("The Government need not establish that release of a particular document would *actually* interfere with an enforcement proceeding. Rather, 'the government need show only "that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally interfere with enforcement proceedings."'" (citations omitted).).

Before addressing the EEOC's argument that Exemption 7(A) provides a basis for return of the inadvertently disclosed documents, the Court must address Whiting-Turner's argument that the EEOC has waived its ability to rely upon that exemption. Whiting-Turner argues that the EEOC may not now assert Exemption 7(A) as a grounds for withholding documents because it did not rely on that exemption in its FOIA decision letter accompanying the production. The cases that Whiting-Turner cites in support of such a finding here are not persuasive because they address a materially different circumstance.

The cases on which Whiting-Turner relies generally address the waiver of a FOIA exemption where a document has been "officially acknowledged" by the disclosing agency or is otherwise in the "public domain." *Davis v. U.S. Dep't of Just.*, 968 F.2d 1276, 1279 (D.C. Cir.

1992). "Under [the] public-domain doctrine, materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). The D.C. Circuit established three criteria to determine if an agency had waived a FOIA exemption on grounds that the information had been "officially acknowledged" in *Fitzgibbon v. CIA*, 911 F.2d 755, 765–66 (D.C. Cir. 1990). The court held:

> First, the information requested must be as specific as the information previously released. Second, the information requested must match the information previously disclosed; we noted, for example, that official disclosure did not waive the protection to be accorded information that pertained to a later time period. Third, we held that the information requested must already have been made public through an official and documented disclosure.

*Fitzgibbon*, 911 F.2d at 765.

Whiting-Turner does not argue that the *Fitzgibbon* factors are met or that the public-domain doctrine applies here, and the Court finds no reason that the doctrine should be considered as a basis for finding waiver by the EEOC in this case. *See Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983) (holding that "a plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld"). Further, "courts generally find no waiver under [Exemption (7)(A)] even though there has been a limited, discretionary disclosure." *Anderson v. Dep't of Treasury*, No. 98-1112, 1999 WL 282784, at *4 (W.D. Tenn. Mar. 24, 1999) (citing *Garside v. Webster*, 733 F. Supp. 1142, 1147 (S.D. Ohio) and *Erb v. United States Dep't of Justice*, 572 F. Supp. 954, 956 (W.D. Mich. 1983)).

Turning to the EEOC's argument that the return of the investigation files is required by Exemption 7(A), the Court finds that the EEOC's position suffers from several deficiencies. The EEOC has not identified in its motion any particular categories of documents in the Riley and

Powell files that will interfere with law enforcement proceedings if produced. Instead, the EEOC states that "[i]t is the disclosure of the file outside the discovery process that constitutes the interference with our ongoing law enforcement proceeding, not any particular document in the file." (Doc. No. 56.) That argument fails for two reasons. First, by not identifying particular documents or categories of documents within the disclosed files that should have been withheld under Exemption 7(A), the EEOC offers the kind of "blanket exemption" argument that courts regularly deny. *See J.P. Stevens & Co.*, 710 F.2d at 140–41; *Cuban*, 744 F. Supp. 2d at 85; *cf. Patino-Restrepo v. U.S. Dep't of Just.*, No. 17-5143, 2019 WL 1250497, at *2 (D.C. Cir. Mar. 14, 2019) (holding that FBI properly withheld a full investigative file under Exemption 7(A) where FBI demonstrated with particularity that "release of any portion of the file would be reasonably likely to compromise an ongoing investigation"). Second, if the EEOC's position is that Whiting-Turner improperly obtained the files through a FOIA request instead of through discovery, that argument has been considered and rejected for the reasons stated above.

The EEOC states that it did not produce "privileged materials such as conciliation documents or documents protected by the deliberative process privilege" in civil discovery, implying that these are the types of documents it wants to reclaim from its FOIA production. (Doc. No. 64.) But the EEOC's response to Whiting-Turner's FOIA request shows that it did withhold documents pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5), which covers documents reflecting the agency's deliberative process. (Doc. No. 62-2.) The EEOC also withheld documents pursuant to FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C). which covers documents compiled

11
Case 3:21-cv-00753   Document 106   Filed 08/09/22   Page 11 of 15 PageID #: 1670

for law enforcement purposes that could constitute an unwarranted invasion of personal privacy.[3] (*Id.*)

### C. Return of the Documents Pursuant to the Court's Inherent Authority

The EEOC has not made the required showing for the Court to find that Exemption 7(A) applies to any of the documents it claims to have inadvertently produced. But the Court is not required to make that finding in ruling on this motion. Instead, the Court must decide if it should employ its inherent authority to allow the EEOC an opportunity to correct its inadvertent disclosure of information that may be subject to Exemption 7(A).[4]

A review of decisions addressing similar requests to claw back documents inadvertently produced in a FOIA request shows that courts generally require that the documents be returned. For example, in *Hersh & Hersh v. United States Department of Health and Human Services*, the court required the plaintiff to return two full FOIA productions that contained inadvertently produced documents. No. C 06-4234 PJH, 2008 WL 901539, at *9 (N.D. Cal. Mar. 31, 2008). The court found that the agency had notified the plaintiff when it became aware of the inadvertent production, then "requested, on several occasions, that the plaintiff return the documents to [the agency]." *Id.* Ultimately, the agency issued a new FOIA production "replacing all earlier productions," and the court "order[ed] plaintiff to return all previously produced documents to [the

---

[3]  The EEOC has not asserted in its motion that any of the produced documents are subject to the confidentiality provision for conciliation materials established in Title VII, 42 U.S.C. § 2000e–5(b), and should be returned based on that privilege. The Court makes no finding as to whether the confidentiality provision applies to the subject materials.

[4]  Whiting-Turner argues that the EEOC's disclosure of these documents was not inadvertent. The EEOC has supported its assertion that the disclosure was inadvertent with the declaration of its Acting Assistant Legal Counsel, Michal Heise. (Doc. No. 56-3.) Whiting-Turner offers no proof to contradict Heise's sworn statement. The Court therefore credits the EEOC's representation that the disclosure was inadvertent.

agency].” *Id.* In *American Civil Liberties Union v. Department of Defense*, the court found that its inherent powers included "the authority to order the return [of] an inadvertently produced classified document that implicates national security and which Plaintiffs are not authorized to possess” pursuant to FOIA Exemption 1. *ACLU v. Dep't of Def.*, No. 09CIV8071BSJFM, 2012 WL 13075284, at *5 (S.D.N.Y. Mar. 20, 2012); *see also Astley v. Lawson*, No. CIV. A. 89-2806(CRR), 1991 WL 7162, at *8 (D.D.C. Jan. 11, 1991) (finding that Executive Office for United States Attorneys' motion to remove inadvertently disclosed document from public record "as soon as [it] was aware of the mistake . . . demonstrates that the disclosure was indeed inadvertent, and not inconsistent with the EOUSA's intent to maintain the confidentiality of the [document]"). In *Public Citizen Health Research Group v. Food & Drug Administration*, 953 F. Supp. 400 (D.D.C. 1996), the court entered a protective order prohibiting the use or dissemination of inadvertently disclosed documents until it could make a determination as to whether the information "qualifie[d] for non-disclosure pursuant to exemption four of FOIA." *Id.* at 404. The court found that, "[i]f the information is not subject to disclosure under exemption four, it should not be publicly available. If, however, the court determines that the information is not covered by exemption four, then the court will order it disclosed." *Id.* In the one contrary case that this Court has identified, the court found that "[t]he remedy that the EPA seeks—requiring Sierra Club to destroy the [inadvertently produced] documents at issue—would not prevent disclosure of the information at issue, which appears to consist of at most three names and email addresses" that had "already been disseminated to multiple people at Sierra Club." *Sierra Club*, 505 F. Supp. 3d at 991. The court found that it was "not inclined to invoke its inherent authority for an order that will have no practical effect on the (relatively weak) privacy interests at issue . . . ." *Id.*

Considering the parties' arguments and its "'inherent authority'"—and obligation—"'to control and preserve the integrity' of [its] judicial proceedings," the Court will require that Whiting-Turner return to the EEOC any documents included in the FOIA production that have not been otherwise produced in discovery. *Pub. Citizen Health Rsch. Grp.*, 953 F. Supp. at 404 (quoting *In re Shell Oil Refinery*, 143 F.R.D. 105, 109 (E.D. La. 1992)). The Court finds that the EEOC acted quickly to notify Whiting-Turner of the inadvertent disclosure, sending a letter within ten days of the disclosure. (Doc. No. 56-2.) The EEOC notified the Court of this issue and its ongoing efforts toward independent resolution in the initial case management conference. (Doc. No. 17.) Since that time, the EEOC has diligently sought the return of the documents through informal efforts with Whiting-Turner and through the Court's formal discovery dispute processes. Accordingly, the Court will afford the EEOC the opportunity to review the inadvertently produced documents to determine if they are properly withheld under Exemption 7(A). Any documents to which Exemption 7(A) does not apply shall be returned to Whiting-Turner.

### D. Return of Documents Pursuant to the Federal Rule of Civil Procedure 26 or Federal Rule of Evidence 502(b)

The EEOC also argues that the Court should "follow Federal Rule of Evidence 502(B) and order the return or destruction of any protected or privileged files that the [EEOC] did not disclose during the normal course of discovery." (Doc. No. 56.) Federal Rule of Evidence 502(b) addresses the inadvertent disclosure of "information covered by the attorney-client privilege or work-product protection." Fed. R. Evid. 502. The EEOC has not argued that the Riley and Powell files contained documents protected by the attorney-client privilege or work-product doctrine and cites no authority for the Rule's application otherwise. Similarly, although it invokes Federal Rule of Civil Procedure 26(b)(5)(B), the EEOC has not identified any of the produced documents as privileged

14

or protected as trial-preparation material. The EEOC also has not identified any authority supporting the application of those Rules to a FOIA production.

IV.     **Conclusion**

The EEOC's motion for an order to require Whiting-Turner to destroy or return documents obtained through its FOIA request (Doc. No. 55) is GRANTED IN PART AND DENIED IN PART as follows:

Within three days of the date of this Order, Whiting-Turner shall return to all documents included in its FOIA production that have not been otherwise produced in discovery *or* return the full FOIA production to the EEOC. Whiting-Turner shall ensure that all copies of the returned documents are destroyed.

The EEOC shall review the returned documents to determine if any are properly withheld from disclosure by Exemption 7(A). Within three days of the documents' return, the EEOC shall provide Whiting-Turner with a statement of the categories of any documents withheld pursuant to Exemption 7(A) and shall return any documents it determines are not properly withheld pursuant to that exemption. The EEOC shall apply the standard for withholding documents under Exemption 7(A) set out in this Order and shall not make a "blanket" assertion of the exemption for all documents contained in the produced files.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge