UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:21-cv-00753 ) |
| THE WHITING-TURNER CONTRACTING COMPANY, | ) ) ) ) |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On July 18, 2022, Defendant the Whiting-Turner Contracting Company ("Whiting-Turner") filed a motion for leave to exceed the ten-deposition limit, (Doc. No. 90 at 1), specifically requesting that the Court "permit the deposition of all [34] class members on whose behalf the EEOC is bringing this action." (Doc. No. 91 at 8). The Magistrate Judge granted Whiting-Turner's motion, (see Doc. No. 119 at 1 ("Whiting-Turner may depose all of the claimants identified by the EEOC")), and Whiting-Turner deposed only some of the Equal Employment Opportunity Commission's (the "EEOC") claimants. (Doc. No. 179 at 1–2). Now, Whiting-Turner asks the Court to read the Magistrate Judge's Order (Doc. No. 119) to require the dismissal of the eleven claimants that it did not depose before the close of discovery. The Court declines to do so.

Whiting-Turner argues that the Court should strike the eleven individuals from the EEOC's list of claimants because "Section 706 cases require individualized evidence," (Doc. No. 179 at 3), and the factors that inform the Court's discretion to impose Rule 37 sanctions weigh in favor of the request. (See generally Doc. Nos. 179, 198). But Whiting-Turner conflates the necessity of obtaining individualized evidence of each claimant's experience with the necessity of deposing

each claimant. (See Doc. No. 179 at 4 ("[A] defendant is entitled to gather the evidence necessary to disprove each individual claimant's allegations of unlawful discrimination, and the most effective way to do that is via deposition. Thus, depositions were necessary to discover each claimant's understanding of their individual experience."). Whiting-Turner may find one method of discovery most effective, but that does not mean that no other method provides the evidence necessary to refute the EEOC's claims. Whiting-Turner had ample opportunity to—and did—gather evidence about each claimants' individual experience. As the EEOC notes, "each claimant, including the eleven at issue, participated in the discovery process." (Doc. No. 197 at 8). What's more, Whiting-Turner's argument hinges on the assumption that a deposition is the only way to learn the story of the eleven claimants; but this is simply untrue. Nothing stops Whiting-Turner from interviewing each claimant with or without EEOC if the claimant so desires or perhaps a conference call or in today's vernacular a zoom call so all could see each other and as a last resort seek to reopen fact discovery for the limited purpose of deposing the eleven claimants, if there is good cause to do so. . It simply has not tried these alternatives.[1] In light of this, Whiting-Turner's argument that the Court that should exercise its discretion under Federal Rule of Civil Procedure 37 to strike the eleven individuals from the EEOC's list of claimants rings hollow.

For the forgoing reasons, Defendant's Motion (Doc. No. 178) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Whiting-Turner mischaracterizes the Magistrate Judge's October 25, 2022, Order (Doc. No. 146) as one that merely "denied the parties' motions to extend the fact discovery deadline." (Doc. No. 198 at 4). However, in their motions, the parties sought to also delay the deadline for dispositive motions and the trial date. (Doc. Nos. 96, 137).