IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE WHITING-TURNER CONTRACTING COMPANY, | ) ) ) ) |
| Defendant. | |

Civil Action No. 3:21-cv-00753
Chief Judge Crenshaw
Magistrate Judge Newbern

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ARGUMENTS MADE DURING MARCH 2, 2023 PROCEEDINGS**

Defendant The Whiting-Turner Contracting Company ("Defendant" or "Whiting-Turner") hereby files this Motion for Reconsideration of the Court's March 3, 2023 Order ("Order") granting in part and denying in part its Expedited Motion to Modify the Initial Case Management Order by Extending the Fact Discovery Deadline for the Limited Purpose of Allowing Defendant to Depose Eleven Claimants. Magistrate Newbern specifically authorized the filing of this Motion for Reconsideration in her Order: "As stated in the hearing, if any party seeks reconsideration of this Order on the basis of evidence not provided at the March 2, 2023 hearing, it may file a motion by March 3, 2023." (Doc. 221, p. 3). As grounds, Defendant states that additional evidence indeed exists to show that the Order was premised on an incomplete picture of the events surrounding the depositions of William Richburg, Robert Nettles, and Reginald James. Further, Defendant argues that claimant Quevis Wright, who failed to attend his subpoenaed deposition (without providing either Defendant or Plaintiff with *any* prior notice or explanation) should be precluded from providing any evidence in this case due to his avoidance of deposition. Given his unilateral refusal

1

to attend his subpoenaed deposition, further accommodation of Mr. Wright, at this late date, at the expense of Defendant is unwarranted.

**I. Defendant was cooperative, accommodating, and responsive in attempts to schedule the depositions of William Richburg, Reginald James, and Robert Nettles.**

    a. **William Richburg**

Despite the Commission's arguments to the contrary, Defendant was cooperative, accommodating, and responsive in attempting to reschedule the deposition of William Richburg. Mr. Richburg's deposition was scheduled for the afternoon of November 22, 2022. *See* Transcript of Statement on the Record (William Richburg), attached hereto as **Exhibit A**. The deposition was scheduled over one week in advance (on November 15, 2022), and counsel for the Commission confirmed Mr. Richburg's attendance via email *the afternoon of the day before*, November 21, 2022. *See* Emails Between Roslyn Griffin-Pack and Karel Mazanec, attached hereto as **Exhibit B**. Per the Commission's request, Whiting-Turner provided counsel for the Commission a subpoena for Mr. Richburg's deposition testimony that same afternoon, prior to 2:49 pm ET. It was not until the *morning of the deposition at 8:25 AM ET* that Ms. Griffin-Pack informed Mr. Mazanec that Mr. Richburg would not be able to attend his deposition "due to a work project." *See* **Exhibit B**. Later that morning, after Mr. Mazanec reminded Ms. Griffin-Pack that the Commission had confirmed just the day before that Mr. Richburg would appear for his deposition and that a subpoena had been issued for his testimony, Ms. Griffin-Pack stated for the first time that Mr. Richburg did not receive the subpoena in time to secure the day off. *See* **Exhibit B**.

Ms. Griffin-Pack's representations to the Court during the March 2, 2022, Hearing are not supported by the evidence on the record. To say that Defendant "did not respond to the EEOC's

offers to reschedule" Mr. Richburg's deposition would be untrue and to mischaracterize the events. When Ms. Griffin-Pack emailed Mr. Mazanec the morning of his deposition, she proposed only one alternative date: November 30, 2022 at 9:00 AM. *See* **Exhibit B**. Mr. Mazanec replied that Defendant was unable to reschedule the deposition to November 30, noting that the discovery deadline was fast approaching, and Defendant had "little to no flexibility in its schedule." *Id*. Mr. Mazanec's statement was indeed accurate—Defendant had five depositions scheduled on November 28, five depositions scheduled on November 29, and four depositions scheduled on November 30. These crowded calendars, in addition to Thanksgiving and Black Friday, made it truly impossible to reschedule Mr. Richburg's deposition given the EEOC's last-minute notice. Apparently Richburg had notified his employer since he agreed to the date and time. All he lacked was the paperwork, which he got. Whiting-Turner should not be penalized if Richburg and the EEOC failed to make appropriate arrangements with Richburg's employer after agreeing to the date and time.

That said, it is noteworthy that the Commission did not propose any other dates after Mr. Mazanec stated that November 30 would not be possible. Accordingly, Defendant indeed responded to the Commission's attempt to reschedule, and the ball was left in the Commission's court after Mr. Mazanec's final email.

b. **Reginald James**

Defendant was also accommodating and responsive in attempting to reschedule the deposition of Reginald James. Mr. James's deposition was originally set for November 4, 2022, but was rescheduled due to a death in his family. *See* Emails between Roslyn Griffin-Pack and Charles Grant, attached hereto as **Exhibit C**. Defendant agreed to reschedule, and on November 15, 2022, Ms. Griffin-Pack provided only one alternative date for Mr. James's deposition:

3

CKG 4864-3235-4900
2943270-000062
Case 3:21-cv-00753   Document 223   Filed 03/03/23   Page 3 of 8 PageID #: 3235

November 28, 2022 (two days before the discovery deadline). Due to a delay in the arrival of the court reporter on the morning of November 28, Defendant's counsel Denmark Grant called Ms. Griffin-Pack and Ms. Hodge and asked whether (1) Mr. James could come in for his deposition later that day, or (2) be deposed on November 29 or November 30. Ms. Griffin-Pack responded that she would contact Mr. James, ask him, and get back to Mr. Grant with his response. Mr. Grant and Ms. Griffin-Pack spoke again later that afternoon via Zoom prior to the deposition of Alex Thomas and Mr. Grant asked whether she had heard from Mr. James. Ms. Griffin-Pack stated that she had not heard from him but would inform Mr. Grant of his response once she had. Mr. Grant never heard back from Ms. Griffin-Pack. Again, the ball was in the Commission's court at the time the fact discovery period closed.

### c. Robert Nettles

Finally, Defendant was also cooperative with the scheduling of Robert Nettles' deposition. Like Mr. James, Mr. Nettles' deposition was also scheduled for November 28, 2022. Because Mr. Nettles was located in Florida and did not have access to a computer, Defendant needed to secure an in-person court reporter and was not able to do so by the morning of the deposition. Mr. Grant also inquired about Mr. Nettles' availability to reschedule in the phone call wherein Mr. James was discussed detailed above. As was the case with Mr. James, Ms. Griffin-Pack stated that she would contact Mr. Nettles and get back to Defendant. She never did.

**II.  William Richburg, Reginald James, and Robert Nettles should be included in the group of Claimants for which good cause exists for a limited reopening of discovery.**

As detailed above, Whiting-Turner was just as cooperative, accommodating, and responsive in scheduling the depositions for these three Claimants as it was all other Claimants.

CKG 4864-3235-4900
2943270-000062

There is no material difference in the treatment of these three Claimants that would justify their exclusion from the Order permitting the limited reopening of discovery.

### III. Quevis Wright should be excluded from providing evidence at trial.

Defendant subpoenaed Mr. Wright for deposition. The Commission accepted the subpoena. The morning of Mr. Wright's scheduled deposition, November 22, 2022, the parties waited for over thirty minutes for Mr. Wright to appear, to no avail. See **Exhibit D**, deposition of Quevis Wright. The Commission never emailed or otherwise informed Defendant that Mr. Wright would not be appearing for his deposition. Therefore, it appears that Mr. Wright failed to inform his counsel that he would not be participating at his scheduled deposition. For this reason, Mr. Wright's failure to attend is unlike Mr. Richburg's failure to attend. The ball remained entirely in Mr. Wright and the Commission's court. Indeed, it appears the Mr. Wright did not even bother to tell his counsel he would not appear despite having been subpoenaed. No explanation and no alternative date was offered, Defendant bears no responsibility or fault for Mr. Wright's avoidance of his deposition.

### IV. Conclusion

In conclusion, Defendant respectfully requests that this Court reconsider its March 3, 2023 Order to include William Richburg, Reginald James, and Robert Nettles in the group of Claimants that Defendant is permitted to depose in light of the additional evidence provided herein.

Respectfully submitted,

*/s/ Charles K. Grant*
Charles K. Grant
Denmark J. Grant
Katelyn R. Dwyer
*(admitted pro hac vice)*
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

5

CKG 4864-3235-4900
2943270-000062

Case 3:21-cv-00753   Document 223   Filed 03/03/23   Page 5 of 8 PageID #: 3237

1600 West End Avenue, Suite 2000
Nashville, TN 37203
Tel: (610) 726-5767
cgrant@bakerdonelson.com

Ronald W. Taylor
*(admitted pro hac vice)*
Todd J. Horn
*(admitted pro hac vice)*
Jacob J. Polce
*(admitted pro hac vice)*
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Tel: (410) 244-7654
Fax: (410) 244-7742

Karel Mazanec
*(admitted pro hac vice)*
VENABLE LLP
600 Massachusetts Ave
Washington, D.C. 20001
Tel: (202) 344-4320

*Counsel for Defendant The Whiting-Turner Contracting Company*

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 3, 2023, I electronically filed the foregoing *Defendant's Memorandum in Support of Arguments Made During March 2, 2023 Proceedings* with the Clerk of the Court using the CM/ECF system, which will serve electronic notice to the following parties of record:

Roslyn Griffin Pack, Esquire
Equal Opportunity Employment Commission
1407 Union Avenue, Suite 900
Memphis, TN 38104
roslyn.griffin-pack@eeoc.gov

Amy F. Black, Esquire
Equal Opportunity Employment Commission
1407 Union Avenue, Suite 900
Memphis, TN 38104
amy.black@eeoc.gov

Ashley Nicole Britney Finch
Equal Employment Opportunity Commission (Memphis Office)
1407 Union Avenue
Suite 900
Memphis, TN 38104
(931) 302-2626
Email: ashley.finch@eeoc.gov

Jeffrey A. Walker
Equal Employment Opportunity Commission (Memphis Office)
1407 Union Avenue
Suite 900
Memphis, TN 38104
(901) 685-4646
Email: jeffrey.walker@eeoc.gov

Neil Hillis
Equal Employment Opportunity Commission (Memphis Office)
1407 Union Avenue
Suite 900
Memphis, TN 38104
(901) 685-4647
Email: neil.hillis@eeoc.gov

Faye A. Williams
Equal Employment Opportunity Commission (Memphis Office)
1407 Union Avenue

Suite 900
Memphis, TN 38104
(901) 685-4609
Email: faye.williams@eeoc.gov

                                                                */s/ Charles K. Grant*
Charles K. Grant