UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　Plaintiff,<br><br>v.<br><br>WHITING-TURNER CONTRACTING COMPANY,<br><br>　　Defendant. | Case No. 3:21-cv-00753<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This employment discrimination action brought under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 addresses allegations regarding Defendant The Whiting-Turner Contracting Company's employment practices at its Vandelay SPC Project worksite in Clarkesville, Tennessee. (Doc. No. 1.) This Memorandum Order addresses Whiting-Turner's motion for leave to amend its answer (Doc. No. 125), which Whiting-Turner filed after the deadline for motions to amend the pleadings in this action had passed (Doc. No. 18). Plaintiff the United States Equal Employment Opportunity Commission (EEOC) opposes Whiting-Turner's motion (Doc. No. 134), and Whiting-Turner has filed a reply (Doc. No. 136). For the reasons that follow, Whiting-Turner's motion for leave to file an amended answer will be denied.

I.　**Relevant Background**

The EEOC initiated this action against Whiting-Turner on September 30, 2021, after investigating discrimination charges filed by Clifford A. Powell, Jr., and Darren L. Riley alleging that Whiting-Turner subjected them and other Black employees at the Vandelay SPC Project to a

racially hostile work environment and discriminatory work conditions. (Doc. No. 1.) Whiting-Turner answered the EEOC's complaint, asserting twenty-eight affirmative defenses. (Doc. No. 12.) The Court entered an initial case management order setting April 29, 2022, as the deadline for filing motions to amend the pleadings. (Doc. No. 18.)

Whiting-Turner served its first set of interrogatories on the EEOC on December 22, 2021. (Doc. No. 136-1.) Interrogatory number thirteen asked the EEOC to state whether any class member had been a party or claimant in a bankruptcy action in the past four years, and, if so, to provide the case number, forum, and location where the action was filed, among other information. (*Id.*) The EEOC objected to the interrogatory as overbroad but stated that it did "not possess any information responsive to th[e] request" and would "supplement [its] . . . response as required by Fed. R. Civ. P. 26(e)." (Doc. No. 136-2, PageID# 2116.) In its first supplemental response, the EEOC stated that class members Kevin Rudolph, Dominic Vaughn, Qwyshaw Marquis, and Latrez Bertha had not filed for bankruptcy since 2018. (Doc. No. 136-2.) In its second supplemental response—served on Whiting-Turner on June 21, 2022—the EEOC provided additional information about many of the class members' bankruptcy history, including stating that class member "Mark Springfield filed for [b]ankruptcy in 2021." (*Id.* at PageID# 2118, ¶ 19.)

On September 9, 2022, Whiting-Turner filed a motion for leave to amend its answer (Doc. No. 125) and attached clean and redlined copies of its proposed amended answer (Doc. Nos. 125-1, 125-2). Whiting-Turner states that the reason for its proposed amendment is "to add the Twenty-Ninth Affirmative Defense that purported class member Mark Springfield's claims are barred and/or estopped in whole or in part as a result of his failure to disclose the instant lawsuit in a bankruptcy petition." (Doc. No. 125, PageID# 1889–90.)

The EEOC responded in opposition to Whiting-Turner's motion, arguing that Whiting-Turner has not shown good cause for filing its motion after the April 29, 2022 deadline for motions to amend the pleadings; that Whiting-Turner improperly seeks to add allegations and arguments beyond its proposed twenty-ninth affirmative defense; and that the proposed affirmative defense is legally deficient. (Doc. No. 134.)

Whiting-Turner filed a reply arguing that good cause exists to allow its untimely proposed amended answer because the EEOC did not disclose Springfield's bankruptcy until two months after the April 29, 2022 deadline for filing motions to amend the pleadings. (Doc. No. 136.) Whiting-Turner acknowledges that its proposed amended answer includes amendments beyond the twenty-ninth affirmative defense but states that the "remaining amendments to the Answer are minor and seek only to clarify [Whiting-Turner's] original answers." (*Id.* at PageID# 2056 n.1.) Whiting-Turner argues that courts "routinely reject[ ] [futility] arguments at the motion to amend stage" and "instead find[ ] that such analysis is best left to a dispositive motion." (*Id.* at PageID# 2059.) In the alternative, Whiting-Turner argues that the EEOC has not shown that its proposed affirmative defense is futile. (Doc. No. 136.)

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a) typically governs motions to amend the pleadings before trial. Fed. R. Civ. P. 15(a). However, where, as here, a motion to amend is filed after the deadline set forth in the Court's scheduling order, the standards of Rule 15(a) and Rule 16(b) apply. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16(b) provides that the deadline for amendment of pleadings set forth in the Court's scheduling order can be extended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This rule was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Thus,

"[o]nce the scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* at 909. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also Leary*, 349 F.3d at 906 ("[A] court choosing to modify the schedule upon a showing of good cause[ ] may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension'" (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment)).

If the Court finds that good cause exists, it then considers whether amendment is appropriate under Rule 15. Rule 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary*, 349 F.3d at 905 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Although "12(b)(6) motions are made with reference to complaints and not affirmative defenses[,] . . . the same basic standard applies" to determine if proposed amendments to affirmative defenses are futile. *Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 WL 361258, at *6 (M.D. Tenn. Feb. 8, 2008). Specifically, "[t]he court must

4

determine whether the defendants' allegations raise the merits of the defense above a speculative level or, put differently, whether, assuming the truth of the defendants' allegations regarding the defense, it nevertheless would fail." *Id.* "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility").

**III.     Analysis**

Whiting-Turner's motion does not cite any legal authority supporting its request to amend its answer in the final stage of these proceedings. Local Rule 15.01(a) requires that motions to amend a pleading must describe "the substance of the amendments sought[.]" M.D. Tenn. R. 15.01(a)(1) (supporting papers). The only proposed amendment Whiting-Turner describes in its motion is adding the judicial estoppel affirmative defense regarding Springfield's bankruptcy proceeding (Doc. No. 125), but—as the EEOC points out and Whiting-Turner concedes—the redline pleading that Whiting-Turner filed shows that its proposed amended answer includes several other amendments (Doc. No. 125-1). Moreover, Whiting-Turner's redline is incomplete: it does not identify all of the proposed changes between Whiting-Turner's original and proposed amended answers. (*Compare* Doc. No. 12, PageID# 45, *with* Doc. No. 125-1, PageID# 1907.)

Nevertheless, the Court will consider whether Whiting-Turner has shown good cause to file an untimely motion under Rule 16 before addressing whether leave to amend should be granted under Rule 15(a)(2). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Here, Whiting-Turning's explanation for its delay is the EEOC's disclosure of Springfield's bankruptcy filing after the deadline for filing motions to amend the pleadings had

5

Case 3:21-cv-00753    Document 265    Filed 03/15/23    Page 5 of 7 PageID #: 3875

passed. (Doc. Nos. 125, 136.) The Court finds that Whiting-Turner has satisfied Rule 16's good-cause requirement with respect to its proposed affirmative defense regarding Springfield's bankruptcy petition. Whiting-Turner diligently sought discovery regarding class members' bankruptcy history (Doc. No. 136-1), the EEOC disclosed Springfield's bankruptcy petition two months after the deadline for filing motions to amend the pleadings had passed (Doc. No. 136-2), and Whiting-Turner filed its motion for leave to amend within ninety days of the EEOC's disclosure (Doc. No. 125).

However, all of the other proposed changes in Whiting-Turner's amended answer are unrelated to Springfield's bankruptcy. Whiting-Turner has not provided any explanation for failing to meet the case management order's requirements with respect to these proposed amendments. It argues only that the Court should allow the amendments because they "are minor and seek only to clarify [Whiting-Turner's] original answers." (Doc. No. 136, PageID# 2056 n.1.) But to satisfy Rule 16, Whiting-Turner "must also explain why [it] failed to move for the amendment[s] at a time that would not have required a modification of the scheduling order." *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010). In the absence of any stated basis on which to find good cause, the Court cannot allow Whiting-Turner's proposed amendments that are unrelated to Springfield's bankruptcy.

Whiting-Turner's proposed twenty-ninth affirmative defense is that "Claimant Mark Springfield's claims are barred and/or estopped in whole or in part as a result of his bankruptcy petition." (Doc. No. 125-2, PageID# 1934.) The EEOC opposes this affirmative defense on the ground that it "lacks legal support" (Doc. No. 134, PageID# 1970), which the Court construes as an argument that the proposed amendment is futile. "The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior

proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). Even assuming that the allegations in Whiting-Turner's proposed amended answer are true, Whiting-Turner has not sufficiently pleaded its proposed estoppel affirmative defense because it has not alleged that Springfield is a party to this action. And, in fact, the EEOC is the party in this action, not Springfield. *See E.E.O.C. v. Digital Connections, Inc.*, Civ. No. 3:05-0710, 2006 WL 2792219, at *2, 3 (M.D. Tenn. Sept. 26, 2006) (finding that judicial estoppel did not apply and denying motion for summary judgment where employee failed to disclose prior bankruptcy petitions in her EEOC charge because employee was "not a party to the instant case"); *E.E.O.C. v. JP Morgan Chase Bank, N.A.*, 928 F. Supp. 2d 950 953–54 (S.D. Ohio 2013) (finding that judicial estoppel did not apply and denying summary judgment where claimant failed to disclose discrimination claims in bankruptcy petition but "EEOC [was] the party asserting the claims"). Moreover, Whiting-Turner's proposed amended answer does not allege what in the contents of Springfield's bankruptcy petition is contrary to a position taken in this case. Whiting-Turner's allegations therefore do not "raise the merits of the defense above a speculative level[ ]," and its proposed twenty-ninth affirmative defense will be denied as futile. *Gore*, 2008 WL 361258, at *6.

## IV. Conclusion

For these reasons, Whiting-Turner's motion for leave to file an amended answer (Doc. No. 125) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge