IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:21-CV-00753 |
| v. | ) ) | JURY DEMAND |
| | ) ) | |
| THE WHITING-TURNER CONTRACTING COMPANY, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S DAMAGES TRIL BRIEF

Pursuant to the Court's Order of January 4, 2022 (Doc. No. 19), Defendant The Whiting-Turner Contracting Company ("Whiting-Turner" or "Defendant") hereby submits its brief on recoverable damages. The Court has directed the parties to file briefs regarding what damages are recoverable in this action and, for each type of damages, whether the amount is determined by the Court or the jury. Assuming Plaintiff meets its burden of proof on liability, the remedies available under Title VII are lost pay damages, compensatory damages, punitive damages, equitable relief, and attorney's fees. *See* 42 U.S.C. § 1981a; 42 U.S.C. § 2000e-5(g).

Whiting-Turner was one of three prime contractors that Google hired to construct a new data center at the Clarksville, TN work site (Project). From October 31, 2017 through July 17, 2019, Whiting-Turner contracted with a temporary staffing agency, Express Employment Professionals (EEP), to provide general labor for the Project. Each of the 29 Claimants was employed by EEP—not Whiting-Turner. Only EEP had the authority to hire, fire, and assign Claimants to the Project, and paid all of their wages and benefits. Whiting-Turner

superintendents generally oversaw EEP workers on the Project, but EEP crew leaders directed their assignments.

On September 20, 2018, Whiting-Turner asked EEP to remove Charging Parties Clifford Powell and Darren Riley from the Project, after it discovered that another EEP worker, Harold "Alex" Thomas (African American), complained to his EEP crew leader that Powell and Riley had bullied him and made disparaging comments about his religious beliefs. EEP removed Powell and Riley and reassigned them to other EEP worksites. Whiting-Turner denies that racial discrimination or retaliation played any role in its decision to ask EEP to remove the Charging Parties and has no record that either made any complaints prior to their removal. Whiting-Turner denies that any of the other Claimants were subjected to a hostile work environment at the Project.

Plaintiff is proceeding in this case on a theory that Whiting-Turner was the Claimants' joint employer, which Whiting-Turner denies.

**1.      Pay Damages – Back Pay**.  Plaintiff is seeking backpay damages for **only** Charging Parties Powell and Riley, not any of the other claimants.  *See* EEOC's Second Supplemental Responses to Defendant's First Request for Production of Documents, Property and ESI to Plaintiff. (Attached as **Exh. A).**  Back pay is money awarded for lost compensation during the period between the date of the plaintiff's injury and the date on which damages are determined. *Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 820 (6th Cir. 2016) (Title VII (citation omitted)). A plaintiff's entitlement to and the amount of back pay damages are questions for the jury. "Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the [EEOC]."  42 U.S.C. § 2000e-5(g)(1) (alteration added).  "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall

operate to reduce the back pay otherwise allowable." *Id.*; *see also Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614, 624-25 (6th Cir. 1983) (discussing subsequent earnings and diligence by a Title VII plaintiff). Additionally, if a plaintiff suffers a willful loss of earnings, the defendant-employer's back pay liability is tolled. *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1168 (6th Cir. 1996) (citing *N.L.R.B. v. Ryder Sys., Inc.*, 983 F.2d 705, 712 (6th Cir. 1993)).[1] Gross misconduct or willful violation of a work rule that results in a plaintiff's discharge from subsequent employment will also toll a defendant-employer's liability damages on account of back pay. *Id.* Finally, a plaintiff's right to back pay is tolled when the defendant-employer discovers evidence during the course of litigation of the plaintiff's conduct that would have led the defendant-employer to terminate the plaintiff had it been known at the time of discharge; known as the after acquired evidence defense. *Id.* at 1168 (citing *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 361-62 (1995)). Defendant, notably, has moved in limine to exclude Plaintiff (or any Claimant) from introducing evidence related to Claimants that have already been "made whole," negating any award of back pay. (*See* Defendant's Motion in Limine #7, Doc. 248.) EEP was required to pay these lost pay damages to Powell and Riley as part of its settlement with the EEOC. The EEOC is now attempting to forestall the evidence of such settlement from reaching the jury. (*See* Plaintiff's Motion in Limine, Doc. 230).

    **2.**     **Pay Damages – Front Pay**. As noted, Plaintiff only seeks back pay for Charging Parties and not any of the other Claimants. Plaintiff has confirmed to Defendant that it is not pursuing front pay or reinstatement, as Defendant did not directly employ the Claimants and the project utilizing the Claimants' labor concluded several years ago.

---

[1] The *Thurman* opinion was later amended by the Sixth Circuit, but only with respect to its "front pay" discussion: "The panel adheres to its original disposition with the following amendment regarding the issue of front pay." 97 F.3d 833, 834 (6th Cir. 1996).

3.      **Compensatory Damages**.  Compensatory damages include "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." 42 U.S.C. § 1981a(b)(3).  A plaintiff's entitlement to and the amount of compensatory damages are questions for the jury.  However, per statute, a plaintiff's maximum potential recovery of compensatory damages is capped, depending on the number of employees employed by the defendant. *Id.*; *E.E.O.C. v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 516 (6th Cir. 2001).  Here, Defendant employs more than 500 employees.  Therefore, according to statute, maximum potential recovery of compensatory damages and punitive damages together is capped at $300,000 per Claimant. 42 U.S.C. § 1981a(b)(3).  Defendant has also moved in limine to exclude Plaintiff (or any Claimant) from arguing, requesting, or suggesting specific amounts of compensatory (or non-economic) damages.  (*See* Defendant's Motion in Limine #10, Doc. 256.)

4.      **Punitive Damages**.  Punitive damages may be recovered against an employer if the employer acted "with malice or with reckless indifference." 42 U.S.C. § 1981a(b)(1).  An employer acts with malice or reckless indifference where it acts knowing that it may be acting in violation of federal law; it must "discriminate in the face of a perceived risk that its actions will violate federal law. *Bates v. Dura Automotive Systems, Inc.*, 767 F.3d 566, 583 (6th Cir. 2014) (citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999)).  As with compensatory damages, a plaintiff's entitlement to and the amount of punitive damages are questions for the jury.  However, here, Defendant has moved to bifurcate the trial and have punitive damages determined in a separate second phase of the trial if necessary, and Plaintiff does not oppose this request.  (*See* Unopposed Motion to Bifurcate Trial, Doc. 206; Memorandum in Support, Doc. 207.)  Again, the maximum potential recovery of compensatory and punitive damages combined

is capped at $300,000 per Claimant. *See* 42 U.S.C. § 1981a(b)(3); *Harbert-Yeargin*, 266 F.3d at 516. The cap is to be applied by the Court. Moreover, here, the record is devoid of any evidence that Defendant acted with the requisite malice or reckless indifference. No Claimant is entitled to punitive damages, and this claim should not be charged to the jury.

**5. Equitable Relief**. Equitable relief, if any, is considered and awarded by the Court. "If the court finds that the [defendant-employer] has intentionally engaged in or is intentionally engaging in an unlawful employment practice . . . the court may enjoin the [defendant-employer] from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer . . . responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1) (alterations added). "Injunctive relief is only appropriate when there is not an adequate legal remedy, i.e., where the damages in a Title VII action are insufficient to prevent future discrimination." *E.E.O.C. v. Skanska USA Bldg., Inc.*, 80 F. Supp. 3d 766, 780 (W.D. Tenn. 2015). Here, there is no need for injunctive relief as damages provide an adequate legal remedy. The Claimants were temporary laborers hired by EEP and assigned to the Project. They were not employees of Whiting-Turner. The work the Claimants were assigned to perform concluded several years ago. Therefore, reinstatement and other equitable remedies are inapplicable and inappropriate.

**6. Attorney's Fees**. Reasonable attorney's fees are usually available to the "prevailing party" and awarded at the Court's discretion. *See* 42 U.S.C. § 2000e-5(k). By statute, however, neither "the Commission or the United States" may recover attorney's fees. *Id.*

Accordingly, in this action, attorney fees are not available to Plaintiff—although should Defendant prevail, they remain available to Defendant as a prevailing party.

Respectfully submitted, this, the 20th day of March, 2023.

/s/ *Charles K. Grant*
Charles K. Grant
Denmark J. Grant
Katelyn R. Dwyer
*(admitted pro hac vice)*
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Tel: (610) 726-5767
cgrant@bakerdonelson.com

Ronald W. Taylor
*(admitted pro hac vice)*
Todd J. Horn
*(admitted pro hac vice)*
Jacob J. Polce
*(admitted pro hac vice)*
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Tel: (410) 244-7654
Fax: (410) 244-7742

Karel Mazanec
*(admitted pro hac vice)*
VENABLE LLP
600 Massachusetts Ave
Washington, D.C. 20001
Tel: (202) 344-4320

*Counsel for Defendant The Whiting-Turner Contracting Company*

# **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on March 20, 2023, I electronically filed the foregoing *Defendant's Damages Trial Brief* with the Clerk of the Court using the CM/ECF system, which will serve electronic notice to the following parties of record:

Roslyn Griffin Pack, Esquire
Equal Opportunity Employment Commission
1407 Union Avenue, Suite 900
Memphis, TN 38104
roslyn.griffin-pack@eeoc.gov

Amy F. Black, Esquire
Equal Opportunity Employment Commission
1407 Union Avenue, Suite 900
Memphis, TN 38104
amy.black@eeoc.gov

Ashley Nicole Britney Finch
Equal Employment Opportunity Commission (Memphis Office)
1407 Union Avenue
Suite 900
Memphis, TN 38104
(931) 302-2626
Email: ashley.finch@eeoc.gov

Jeffrey A. Walker
Equal Employment Opportunity Commission (Memphis Office)
1407 Union Avenue
Suite 900
Memphis, TN 38104
(901) 685-4646
Email: jeffrey.walker@eeoc.gov

Neil Hillis
Equal Employment Opportunity Commission (Memphis Office)
1407 Union Avenue
Suite 900
Memphis, TN 38104
(901) 685-4647
Email: neil.hillis@eeoc.gov

Faye A. Williams
Equal Employment Opportunity Commission (Memphis Office)
1407 Union Avenue
Suite 900
Memphis, TN 38104

7
4894-1098-6584v3
Case 3:21-cv-00753   Document 286   Filed 03/20/23   Page 7 of 8 PageID #: 4392

(901) 685-4609
Email: faye.williams@eeoc.gov

Marcerious Knox
Equal Employment Opportunity Commission
220 Athens Way
Suite 350
Nashville, TN 37228
(901) 489-5603
Email: marcerious.knox@eeoc.gov

            */s/ Charles K. Grant*
            Charles K. Grant