**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION | ) | |
| | ) | CIVIL ACTION NO.: 3:21-cv-00753 |
| Plaintiff, | ) | |
| | ) | Chief Judge Waverly D. Crenshaw, Jr. |
| v. | ) | Magistrate Judge Alistair E. Newburn |
| | ) | |
| THE WHITING-TURNER | ) | JURY DEMAND |
| CONTRACTING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**EEOC PROPOSED JURY INSTRUCTIONS**

The Equal Employment Opportunity Commission (Commission) submits the following proposed jury instructions pursuant to Fed. R. Civ. P. 51 and the Court's Pre-Trial Order. (Doc. No. 19). The Parties met and conferred regarding the proposed instructions but could not agree prior to the deadline. The Parties will continue to work together to file a joint set of jury instructions.

The Commission reserves its right to add or modify these proposed instructions.

March 20, 2023.

Respectfully submitted,

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
faye.williams@eeoc.gov

AMY BLACK
Assistant Regional Attorney
TN Bar No. 016102
amy.black@eeoc.gov

1

*/s/ Roslyn Griffin Pack*
ROSLYN GRIFFIN PACK
Trial Attorney
MS Bar No. 103317
roslyn.griffin-pack@eeoc.gov

JEFFERY WALKER
Trial Attorney
TN Bar No. 036553
jeffrey.walker@eeoc.gov

ASHLEY FINCH
Trial Attorney
TN Bar. 036797
ashley.finch@eeoc.gov

NEIL HILLIS
Trial Attorney
TN Bar. 036048
neil.hillis@eeoc.gov

MARCERIOUS KNOX
Trial Attorney
TN Bar No. 036851
Marcerious.knox@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
200 Jefferson Avenue, Suite 1400
Memphis, TN 38103
(901) 701-6445

ATTORNEYS FOR PLAINTIFF

2

**CERTIFICATE OF SERVICE**

I certify that, on March 20, 2023, a true and correct copy of this pleading has been served on the following attorney(s) by electronic means.

Charles K. Grant
Cgrant@bakerdonelson.com

Ronald Wayne Taylor
Rwtaylor@venable.com

Karel Mazanec
KMazanec@venable.com

Todd J. Horn
TJHorn@Venable.com

Denmark Grant
dgrant@bakerdonelson.com

Katie Dwyer
kdwyer@bakerdonelson.com

Jacob Polce
jjpolce@venable.com

Johnathan O. Harris
Johnathan.harris@jacksonlewis.com

/s/ *Roslyn Griffin Pack*
Roslyn Griffin Pack

**All Parties Equal Before the Law**

You may not discriminate between corporations, government agencies, or natural persons. All are persons in the eyes of the law and are entitled to the same fair and impartial consideration and to justice by the same legal standards.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations and government agencies, stand equal before the law and are to be dealt with as equals in a court of justice.

Authority: Devitt & Blackmar, *Federal Jury Practice Instructions* §71.04 (as adapted)

4

Instruction No. 2

**<u>Corporations Act Through People</u>**

A corporation, such as The Whiting-Turner Contracting Company, can only act through real people operating as its agents or employees. In general, any agent, or employee may bind the corporation by his acts or statements made while acting within the scope of authority the corporation has delegated to him/her. Even though an act is forbidden or illegal, it still may fall under employment to bind the corporation.

An agent or employee acting outside the agent's or employee's delegated authority, or outside the scope of the agent's or employee's duties may not bind the corporation. But even though the act is forbidden by the law, it still may fall under employment as to impose liability on the corporation.

In deciding whether the act complained of was within the scope of the authority, you should consider such factors as where the acts took place and their foreseeability.

Authorities: Devitt & Blackmar, *Federal Jury Practice Instructions* §71.04 (as adapted) and *EEOC & Finish Line,* No. Case No. 3:11-0920 (M.D. Tenn.) (Doc. 195 at 204-205) (Jury Charge).

5

Instruction No. 3

**Stipulated Facts**

Before the trial of this case, the parties agreed to the truth of certain facts in this action. As a result of this agreement, the Plaintiff and Defendant entered into certain stipulations in which they agreed that the stipulated facts could be taken as true without either party presenting further proof on the matter. This procedure is often followed to save time in establishing facts which are undisputed. Facts stipulated to by the parties in this case include the following:

1. The EEOC is the federal agency authorized by Congress to enforce anti-discrimination laws in the workplace.

2. Whiting-Turner is a construction management and general contracting company that provides a wide range of construction services to both private and public customers, including the federal government.

3. Whiting-Turner, headquartered in Baltimore, Maryland, employs workers on construction worksites throughout the United States, including, Tennessee.

4. Whiting-Turner served as the prime contractor for the construction of a Google data center in Clarksville, Tennessee.

5. Whiting-Turner refers to the Clarksville, Tennessee jobsite as the Vandelay SPC jobsite.

6. Whiting-Turner entered into a Temporary Staffing Services Agreement with Express Employment Professionals in October 2017.

7. Under the terms of the agreement, Express provided Whiting-Turner with temporary staff to work at the Vandelay SPC jobsite.

6

8.      Whiting-Turner retained "sole discretion" to assign duties, shifts, tasks, locations, and job assignments to the persons Express placed at the Vandelay SPC jobsite.

9.      In the event Whiting-Turner no longer needed an Express worker, the worker could be "called off" by Whiting-Turner.

10.     If Whiting-Turner concluded, "in its sole and absolute discretion," that an Express worker assigned to Whiting-Turner did not perform their job duties satisfactory, Whiting-Turner would not have to pay them.

11.     Darren Riley began working as a general laborer on Whiting-Turner's Vandelay SPC Project worksite in Clarksville, Tennessee in mid-2018.

12.     Clifford Powell began working as a general laborer on Whiting-Turner's Vandelay SPC Project worksite in Clarksville, Tennessee in September 2018.

13.      Whiting-Turner contacted Express in late September 2018 to have Powell and Riley removed from its Vandelay SPC jobsite.

14.     Riley and Powell filed Charges of Discrimination against Whiting-Turner related to their experience at Whiting-Turner's Vandelay SPC job site in Clarksville, TN.

Authority: Joint Pretrial Order.

Instruction No. 4

**<u>Use of Deposition at Trial</u>**

      Certain testimony has been read into evidence from depositions.  A deposition is testimony taken under oath before the trial and preserved in writing.  If a witness is unavailable and his or her deposition testimony is read at trial, it is to be given the same consideration and weight as other testimony presented at trial.

Authority:     Federal Rule of Civil Procedure 32(a)(4)(B)& (D)

Instruction No. 5

**<u>Role of EEOC in Enforcement of Title VII</u>**

This is an action filed by the U.S. Equal Employment Opportunity Commission. The Equal Employment Opportunity Commission ("EEOC" or "the Commission") is the Plaintiff in this case. The EEOC, an agency of the United States government, is responsible for enforcing the federal laws prohibiting employment discrimination, including Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). When a person feels that he or she has been discriminated against, that person may file a charge of discrimination with the EEOC. A person who files such a charge is called a Charging Party. The EEOC has the authority to file a lawsuit against an employer on behalf of the Charging Party and other individuals harmed by the alleged discriminatory practices. In a lawsuit against an employer, the EEOC seeks to enforce federal law on behalf of the public policy of the United States, otherwise known as the public interest. The EEOC may seek remedies for the Charging Party and for all other aggrieved persons harmed by the discrimination. Those individuals are known as "claimants." The EEOC brings this lawsuit on behalf of 29 African American Claimants, which includes 2 Charging Parties.

Authority: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.;
*EEOC v. Waffle House,* 534 U.S. 279, 287-88, 291 (2002); *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 323-26 (1980); *EEOC v. Frank's Nursery& Crafts, Inc*., 177 F.3d 448, 467-68 (6th Cir. 1999).

Instruction No. 6

## **The Statute and Purpose of the Statute**

The EEOC brought this lawsuit under a federal law called Title VII of the Civil Rights Act. Under Title VII, it is unlawful for an employer to discriminate against any individual with respect to his terms, conditions, or privileges of employment, because of such individual's race; or to limit, segregate, or classify its employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race.

The scope of prohibition is not limited to economic or tangible discrimination.

Authorities: 42 U.S.C.A. § 2000e-2 and *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) *Harris v. Forklift Sys. Inc*., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

Instruction No. 7

**<u>Nature of the Claims</u>**

The EEOC brought this lawsuit in 2021 after racial harassment charges were filed against The Whiting-Turner Contracting Company. EEOC alleges Whiting-Turner subjected Clifford Powell, Darren Riley, and a class of 27 Black workers to a racially hostile work environment. The EEOC further alleges that after Mr. Powell and Mr. Riley complained about the racial harassment, Whiting-Turner retaliated against them by ending their temporary work assignments. Whiting-Turner denies these claims. It will be your responsibility to decide whether the Plaintiff EEOC has proven its claims by a preponderance of the evidence.

Authority: Joint Pretrial Order.

Instruction No. 8

**<u>Joint Employer</u>**

A person can have more than one employer. Under the joint employer theory, an entity that is not a Claimant's formal employer may be treated as if it were the employer for purposes of employment laws such as Title VII. Entities are co-employers if they share or co-determine those matters governing essential job duties or terms and conditions of employment. In determining whether an entity is the Claimant's joint employer, the major factors include the 'entity's ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their performance.

Darren Riley, Clifford Powell, and the other Claimants in this Lawsuit, were placed to work at the Whiting-Turner jobsite through a temporary employment agency. Although Whiting-Turner was not the Claimant's formal employer, it may still be held liable under Title VII if it is the Claimant's joint employer

Authorities: *E.E.O.C. v. Skanska USA Bldg., Inc*., 550 F. App'x 253, 256 (6th Cir. 2013));
*Carrier Corp. v. NLRB,* 768 F.2d 778, 781 (6th Cir.1985).

12

Instruction No. 9

**Hostile Work Environment — Racial Harassment**

The EEOC alleges that Whiting-Turner discriminated against Mr. Powell, Mr. Riley, and

a class of Black workers by subjecting them to a racially hostile work environment.

The elements of a Title VII hostile work environment claim are as follows:

> 1) the Claimant was a member of a protected class;
> 2) the Claimant was subjected to unwelcome harassment;
> 3) the harassment complained of was based upon race;
> 4) the harassment had the effect of unreasonably interfering with the Claimant's work performance by creating an intimidating, hostile, or offensive working environment; and
> 5) the employer knew or should have known about the harassing conduct and failed to take corrective or preventative action.

Authorities: *Bailey v. USF Holland*, 526 F.3d 880, 885 (6th Cir. 2008); *Trotter v. Cargill, Inc*., 699 F. Supp. 2d 1043, 1054 (W.D. Tenn. 2010); *Russell v. University of Toledo,* 537 F.3d 596, 608 (6th Cir.2008).

Instruction No. 10

**Statutorily Protected Class**

The Claimants to this Lawsuit are Members of statutorily protected class as they are

African American/Black.

Authorities: *Dowell v. Bernhardt,* No. 3:19-CV-00105, 2020 WL 7417371, at *8 (M.D. Tenn. Sept. 1, 2020), report and recommendation adopted, No. 3:19-CV-00105, 2020 WL 6938363 (M.D. Tenn. Nov. 25, 2020)

Instruction No. 11

## **Harassment**

The totality of the circumstances determines whether there is a hostile or abusive workplace environment. In determining whether an environment is one that a reasonable person would find hostile or abusive and that the Claimant did in fact did perceive to be so, you are to look at all the circumstances, including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

The distinction between severe or pervasive means that some harassment may be severe enough to create a hostile work environment even if it was not pervasive. In other words, even a single or a few incidents can meet the severity requirement depending on the circumstances. When evaluating whether the harassment is sufficiently severe or pervasive, you must consider all incidents of harassment that the Claimant experienced combined, rather than viewing the incidents of harassment in isolation or by separating them out by the identity of the harasser. Offensive conduct or statements not directed at one Claimant but known to him/her may also be considered when determining whether the work environment was hostile.

Authorities: *Newman v. Fed. Exp. Corp.*, 266 F.3d 401, 405 (6th Cir. 2001) and *Trotter v. Cargill, Inc.*, 699 F. Supp. 2d 1043, 1054 (W.D. Tenn. 2010)(*Farmer v. Cleveland Public Power*, 295 F.3d 593, 604 (6th Cir.2002) and *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999), *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993); *Williams v. General Motors Corp.*, 187 F.3d 553, 562-63 (6th Cir. 1999).

Instruction No. 12

**Hostile Work Environment**

Evidence of racial harassment, especially racial comments and slurs, need not be directed specifically at the plaintiff in order to contribute to a work environment that is hostile to him. Therefore, when a plaintiff learns second-hand that a derogatory comment was used, such evidence can contribute to a hostile work environment. In addition, an action towards a plaintiff not specifically racial in nature can constitute proof of a hostile work environment if it would not have occurred but for the fact that the plaintiff was African-American.

Authorities:    *Jackson v. Quanex Corp.*, 191 F.3d 647, 660 (6th Cir. 1999); *Farmer v. Cleveland Pub. Power*, 295 F.3d 593, 604-05 (6th Cir.  2002); and *Williams v. Gen. Motors* Corp., 187 F.3d 553, 560-61 (6th Cir.  1999). *Hawkins v. Anheuser Busch*, 517 F.3d 321, 336-37 (6th Cir. 2008).

Instruction No. 13

**Hostile Work Environment-Factors to Consider to Determine Whether Conduct is Sufficiently Severe or Pervasive**

EEOC does not have to show that the Claimant suffered a specific type of economic harm or that s/he suffered psychological harm or injury to prove a hostile environment. Additionally, a Claimant does not have to prove how the harassment actually interfered with his/her job performance. A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological wellbeing, can and often will hurt an employees' job performance, discourage employees from staying on the job, or affect their career development. That an employee is able to perform her job well despite the harassing conduct does not mean that the work environment was not hostile.

Authority: *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 24-25 (1993) (Scalia, J., concurring); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67-68 (1986). *See also*, *EEOC v. Freeman*, No. 3:06-0593, 2009 WL 4975289, at 4 (M.D. Tenn. Dec. 21, 2009)

17

Instruction No. 14

**Co-Worker Harassment**

The EEOC contends Whiting-Turner condoned racially offensive acts and harassments from both its Supervisors and Non-Supervisors. Whiting-Turners' liability for co-worker harassment is based directly on the employer's conduct. An employer is liable if it "knew or should have known of the charged harassment and failed to implement prompt and appropriate corrective action.

Authorities: *Hafford v. Seidner*, 183 F.3d 506, 513 (6th Cir. 1999); *Pierce v. Commonwealth* Life Ins. Co., 40 F.3d 796, 804 n. 11 (6th Cir.1994). *Hawkins v. Anheuser Busch*, 517 F.3d 321, 338 (6th Cir. 2008).

Instruction No. 15

**Supervisor Harassment**

The EEOC contends Whiting-Turner condoned racially offensive acts and harassments from both its Supervisors and Non-Supervisors. Whiting-Turners is subject to vicarious liability to the Claimants for the racially hostile work environment that was created by Whiting-Turner supervisors who had authority over the Claimants.

A supervisor is defined as one whom "the employer has empowered that employee to take tangible employment actions against the victim, *i.e.,* to effect a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."

Authorities: *Hafford v. Seidner,* 183 F.3d 506, 513 (6th Cir. 1999). *Vance v. Ball State University*, 570 U.S. 421, 429 (2013).

19

Instruction No. 16

**Racial Harassment—Definition of Management-Level Employee**

As you were just instructed, an employer has knowledge of unlawful racial harassment if a "management-level employee" knew or should have known of the harassment. In other words, a management-level employee's knowledge of unlawful racial harassment is considered to be the knowledge of the employer itself.

Whether an individual is a management-level employee does not depend on his formal job title but rather his job duties. A person is a "management-level employee" under Title VII if he has at least some administrative responsibility over the employees under him and that responsibility included acting on behalf of the employer to stop racial harassment.

In addition to persons with the general managerial duties described above, a person is also a "management-level employee" if his job duties specifically include receiving complaints of racial harassment and monitoring the work environment to ensure the absence of racial harassment.

Authority: RESTATEMENT (THIRD) OF AGENCY § 5.03 (2006) ("[f]or purposes of determining a principal's legal relations with a third party, notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is material to the agent's duties to the principal").

Instruction No. 17

**<u>Title VII Retaliation</u>:**

EEOC's second cause of action is retaliation.

Title VII provides:

(a)  It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees. . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

Authority:      42 U.S.C § 2000e-3(a).

Instruction No. 18

## **Elements of a Title VII Retaliation Claim**

Under Title VII, an employee is protected against employee retaliation for opposing a practice that the employee reasonably believes to be in violation of Title VII. Opposing conduct includes complaining to anyone, management, union, other employees, or newspapers, about its unlawful practices. Such opposition must be based on a reasonable and good-faith belief that the opposed practices were unlawful.

The EEOC alleges that The Whiting-Turner Construction Company retaliated against Mr. Powell and Mr. Riley by ending their temporary work assignment because they reported and opposed race discrimination, in violation of Title VII.

1.    To meet its burden of proof, the EEOC must establish the elements below by a preponderance of the evidence:
a.    Mr. Powell and Mr. Riley engaged in protected activity; here, making internal complaints about race discrimination in the workplace;
b.    Whiting-Turner knew of about the complaints;
c.    Mr. Powell and Mr. Riley were terminated by Whiting-Turner and;
d.    There was a causal connection between Mr. Powell and Mr. Riley making the complaints and Whiting-Turner terminating the employment of Mr. Powell and Mr. Riley.

Authority: *Laughlin v. City of Cleveland,* 633 F. App'x 312, 315 (6th Cir. 2015).

Instruction No. 19

**Proximity of Termination**

Proximity in time alone may be sufficient to support a claim of retaliation. The EEOC must prove by a preponderance of the evidence that Mr. Powell or Mr. Riley's involvement in the protested activity was a substantial or motivating factor in Whiting-Turner's decision to terminate them.

The EEOC may rebut the defendant's stated legitimate reason for its decision by demonstrating the articulated reason was a mere pretext for retaliation. The EEOC must show that Mr. Powell and Mr. Riley's protected activity was a but-for-cause of the alleged adverse action by Whiting-Turner.

Authority: *University of Texas Southwest Medical Center v. Nassar*, 570 U.S. 338, 362 (2013). *Mickey v. Zeidler Tool & Die Co.*, 526 F.3d 516, 524-25 (6th Cir. 2008).

23

Instruction No. 20

**<u>Policy</u>**

In addition, when an employer designates certain employees as implementers of its policy, when those employers learn of misconduct, the employer has itself answered the question of when it would have been deemed to have notice of the harassment sufficient to obligate it or its agents to take prompt remedial measures. You are to consider whether, as implementers of Whiting-Turner's harassment policies, the supervisors here acted reasonably in response to what they observed to prevent and to correct racial harassment.

Authorities: *Bailey v. USF Holland*, No. 3:05-0435, 2007 WL 470439, at * 13 (M.D. Tenn. Feb. 8, 2007).

Instruction No. 21

**<u>Burden of Proof</u>**

In this action, unless I instruct you otherwise, the EEOC have the burden of establishing by a preponderance of the evidence all the facts necessary to prove all the elements of each claim against Whiting-Turner. This is sometimes called the burden of proof or the burden of persuasion.

The term preponderance of the evidence means that amount of evidence that causes you to conclude that an allegation is probably true. To prove an allegation by a preponderance of the evidence, a party must convince you that the allegation is more likely true than not. To put it differently, if you were to put plaintiffs' evidence and defendant's evidence on opposite sides of the scales, plaintiffs would have to make the scales tip somewhat on their side. If plaintiffs failed to meet this burden, the verdict must be for defendant as to the claim you are considering.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses no matter who may have called them and all the exhibits received into evidence no matter who may have produced them.

If the evidence on a particular issue is equally balanced, that issue has not been proved by a preponderance of the evidence, and the party having the burden of proving that issue has failed.

You must consider all the evidence on each issue.

Authority: *EEOC & Atkins v. Dollar Gen.*, No. 3:14-cv-441 (E.D. Tenn.) (Doc. 156 at 178-79) (C.J. Varlan Charge).

25

Instruction No. 22

**<u>Use of Deposition at Trial</u>**

Certain testimony has been read or played into evidence from depositions. A deposition is testimony taken under oath before the trial and preserved in writing. If a witness is unavailable and his or her deposition testimony is read at trial, it is to be given the same consideration and weight as other testimony presented at trial.

Authority: Federal Rule of Civil Procedure 32(a)(4)(B)& (D).

Instruction No. 23

**<u>Race, Religion, National Origin, Sex, or Age</u>**

Your verdict must turn on the evidence developed at this trial, or the lack of evidence. It is improper for you to consider any feelings you may have about one of the parties' race, religion, national origin, gender, or age. It is just as improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Authorities: Modern Federal Jury Instructions-Civil P 71.01 (2022)

Instruction No. 24

**<u>Damages: Non-Pecuniary Compensatory</u>**

The EEOC is also seeking compensatory damages on behalf of Mr. Riley, Mr. Powell, and the other Claimants in this lawsuit. If you find that the defendant discriminated against the Claimant under consideration based on race, you must then determine an amount that is a fair compensation for the Claimant under consideration.

You may award compensatory damages only for injuries that the EEOC proves were caused by Whiting-Turner's wrongful conduct. The damages that you award must be fair compensation — no more, no less. You may award damages for any pain, suffering, or mental anguish that a claimant under consideration has experienced because of Whiting-Turner's racial discrimination. No evidence of the monetary value of intangible things as pain or suffering has been or may be introduced into evidence.

The EEOC may rely on lay testimony to prove mental distress. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you may should be fair given evidence presented at trial.

In determining the amount of any damages you should decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the EEOC prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

If you find that the Claimant under consideration is entitled to a verdict in accordance with these instructions, but do not find that the claimant under consideration is entitled to recover

28

compensatory damages as defined in these instructions, then you may return a verdict for the claimant under consideration in some nominal amount not less than $1.

Authorities: *Moore v. Kuka Welding Systems & Robot Co.,* 171 F.3d 1073, 1083 (6th Cir. 1999).

Instruction No. 25

**<u>Punitive Damages</u>**

The EEOC is entitled to punitive damages if it has proven by a preponderance of the evidence that Whiting-Turner engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of the claimants in this lawsuit.

Authorities: 42 U.S.C. § 1981a(b) and *Kolstad v. Am. Dental Ass'n.,* 527 U.S. 526, 534 (1999); *EEOC v New Breed* Logistics, 783 F.3d. 1057, 1072 (2015).