# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)  CIVIL ACTION NO.: 3:21-cv-00753 |
| THE WHITING-TURNER CONTRACTING COMPANY | )<br>)<br>) |
| Defendant. | )<br>) |

## CONSENT DECREE

Equal Employment Opportunity Commission (Commission) filed this lawsuit against The Whiting-Turner Contracting Company (Whiting-Turner) on September 30, 2021. The Commission alleged Whiting-Turner violated Title VII of the Civil Rights Act of 1964 (Title VII) when it subjected Clifford A. Powell, Jr., Darren L. Riley, and a class of Black employees to a hostile workplace environment because of race. The Commission also alleged Whiting-Turner retaliated against Powell and Riley after they complained about the hostile workplace environment they endured while working on the SPC Vandelay worksite in Clarksville, Tennessee.

Whiting-Turner denied the Commission's allegations and claimed that Powell and Riley and a class of Black employees of Express Employment Professionals that are alleged to be joint employees of Whiting-Turner ("Black Employees") were not subject to a hostile workplace environment and further contends that extensive efforts were taken to ensure that no hostile workplace environment existed. Whiting-Turner also contends that Powell and Riley were removed from the jobsite because they were bullying another employee and not retaliated against.

The Parties engaged in good-faith negotiations and now consent to entry of this Decree. This Decree does not constitute a finding on the merits of the case and is in no way an admission of any wrong-doing or violation of Title VII by Whiting-Turner. The Parties stipulate that the terms of this Decree are fair, reasonable, and adequate.

This Decree represents the final and complete agreement between the Parties regarding the resolution of this civil action.

If the Court does not approve this Decree, the Parties agree neither of them will try to admit the Decree in evidence in this or any subsequent lawsuit.

## I. JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of this action.

## II. SCOPE AND DURATION OF THIS DECREE

A. The duration of this Decree and all obligations must remain effective for two years from the date of its entry by the Court.

B. During the term of this Decree, the Court shall retain jurisdiction over this case for purposes of compliance and any disputes that may arise.

## III. ISSUES RESOLVED

A. This Decree resolves all issues and claims arising from the Charge of Discrimination filed by Clifford A. Powell Jr. against Whiting-Turner, EEOC Charge No. 25A-2018-00553.

B. This Decree resolves all issues and claims arising from the Charge of Discrimination filed by Darren Riley against Whiting-Turner, EEOC Charge No. 494-2019-01824.

C. This Decree resolves all issues and claims arising from the Commission's Complaint filed against Whiting-Turner, Civil Action No. 3:21-cv-00753, brought on behalf of

Clifford Powell, Darren Riley, the class of Black Employees, including Danisha Sims and Shaun Miller, as well as Douglas Lonon, Ashley Collins, and Randall Hite.

## IV. INJUNCTIVE RELIEF

A. Whiting-Turner, its officers, agents, servants, managers, and employees, are enjoined from subjecting any employee or temporary employee to a racially hostile work environment.

B. Whiting-Turner, its officers, agents, servants, managers, and employees, are enjoined from knowingly permitting any racial graffiti and racial epithets on its job sites.

C. Whiting-Turner, its officers, agents, servants, managers, and employees, are enjoined from engaging in any form of retaliation against any person who complains about unlawful discrimination under Title VII, files a Charge of Discrimination under Title VII or testifies or participates in any way in any investigation or proceeding under Title VII.

## V. REVISION OF ANTI-HARRASSMENT POLICY

A. Whiting-Turner shall revise its Anti-Harassment Policy within 90 days of entry of this Decree.

B. Whiting-Turner shall incorporate a zero-tolerance policy for racial graffiti, racial jokes, racial slurs, racial epithets, and hate symbols in its workplace into its current written anti-harassment policy. The zero-tolerance policy consists of the following:

    i. An affirmative statement that anyone found to create or promote race-based graffiti on any Whiting-Turner jobsite may be subject to immediate reprimand and discipline including, termination;

ii. An affirmative statement that Whiting-Turner will hold itself and others accountable to ensure that its workplace remains free from racial harassment, hate, and bigotry of any kind;

iii. The steps employees or temporary employees should follow if they witness or see any race-based graffiti in the workplace.

## VI. POLICY DISTRIBUTION

A. Whiting-Turner shall distribute the revised policies to each of its employees, including temporary employees, at all project sites within 120 days of the date of this Decree.

B. Whiting-Turner shall retain evidence of such receipt for each such employee.

C. Upon hire of any new employee or temporary employee, Whiting-Turner shall ensure each person receives a copy of the revised anti-harassment and anti-graffiti policies.

D. Whiting-Turner shall post a copy of the revised anti-harassment and anti-graffiti policies in a visible area at each of its locations.

## VII. MONETARY RELIEF

A. Aggregate Payment. Whiting-Turner shall pay a total amount of $1,200,000 to resolve this litigation.

B. Allocation of Monetary Relief. The EEOC shall provide the name and address for each claimant and the amount due each claimant within ten days of entry of the Decree. The EEOC shall be the sole determiner of the amount of relief to be paid to each claimant.

C. Whiting-Turner shall issue a separate check for the amount due each claimant within 30 days of after receipt of the Claimant Distribution List from the Commission.

D. Release of Claims. To receive a payment, each claimant shall sign a release, which is Exhibit A ("Release"). The EEOC shall collect signed releases and provide copies to the Defendant.

E. Late payments shall be subject to the accrual of interest under to 28 U.S.C. § 1961.

F. Tax Treatment of Monetary Awards. The monetary awards shall be designated as compensatory damages.

## VIII. TRAINING

A. Whiting-Turner shall provide in-person or video anti-harassment training to all employees and any temporary employees employed at Whiting-Turner construction job sites and shall provide in-person or video training to all employees, including new employees at its offices. The training shall occur annually during this Decree.

B. Initial training will occur within 180 days of entry of this Decree.

C. The training shall consist of, among other things, the following:

    i. explanation of Title VII of the Civil Rights Act of 1964 and its prohibitions against racial harassment and retaliation;

    ii. review of Whiting-Turner's revised anti-harassment policy;

    iii. explanation of the duty to, and the manner of, properly reporting discrimination and harassment;

    iv. Bystander training (see something, say something).

    iv. A Human Resource representative will attend or be part of the training and make the statement during the training session. The statement shall include the following:

        a.       Whiting-Turner does not tolerate any forms of racial discrimination, racial harassment, or retaliation;

        b.       All employees must report any race discrimination, racial harassment, or retaliation that they witness;

        c.       Failure to report discrimination and harassment will result in disciplinary action;

        d.       All employees, regardless of job title or description, are required to treat each other with respect.

        e.       Harassment or mistreatment of subordinates or coworkers may result in disciplinary action, including termination.

D.      Within 30 days of the EEOC's request, Whiting-Turner shall submit to the EEOC:

        i.       a copy of any training materials,

        ii.      an identification of the employees who participated in the training.

## IX.    EEO OFFICER AND LIAISON TRAINING

A.      All Whiting-Turner EEO Officers and EEO Liaisons shall receive training on Title VII and other anti-discrimination laws.

B.      The training for EEO Liaisons shall occur twice per year during the term of this Decree. Refresher Training for EEO Officers shall occur once per year during the term of this Decree.

C.      The first training shall occur no later than 60 days of entry of this Decree.

D.      The training shall include information on how to properly investigate claims of racial discrimination, harassment, and retaliation.

E. All Whiting-Turner EEO officers and EEO Liaisons shall certify that they have completed such training.

F. Whiting-Turner shall provide the Commission with a copy of the certification within 20 days after completion of the training during the duration of this this Decree.

G. Whiting-Turner may video-record the training sessions for prompt presentation to current employees who cannot attend in-person and to newly appointed EEO Liaisons.

## X. TEMPORARY EMPLOYEE LIASON

A. Whiting-Turner shall assign an EEO Liaison to each of its construction sites.

B. Whiting-Turner shall task the EEO Liaison with ensuring all temporary employees receive a copy of Whiting-Turner's anti-discrimination policy.

C. The EEO Liaison shall ensure that all temporary employees are informed how to report issues if they are victims of, or witness discrimination, harassment, or retaliation, on a Whiting-Turner job site.

D. The EEO Liaison shall provide temporary employees with the names, telephone number, and email address, that temporary employees should report discrimination, harassment.

E. Temporary employees shall receive this information during their on-boarding at any Whiting-Turner job site.

## XI. RECORDKEEPING AND REPORTING

Whiting-Turner shall collect, retain, and provide two reports annually to the Commission during the duration of this Consent Decree on or before the following dates:

December 1, 2023;

May 31, 2024;

December 2, 2024;

April 1, 2025.

iii. Each report shall contain:

iv. Certification that Whiting-Turner conducted the training listed in Section VIII and IX;

v. Copy of the training materials;

vi. Signed roster showing the names of the employees who participated in the trainings referred to in Paragraphs VIII and IX.

vii. Not more than once per year, Whiting-Turner shall provide a list of all employees who complained about racial discrimination, racial harassment, or retaliation for having reported such claims; the steps Whiting-Turner took to investigate the complaint(s); and a copy of Whiting-Turner's response to the complaint(s).

## XII. MONITORING, ENFORCEMENT, AND DISPUTE RESOLUTION

A. The Commission may monitor Whiting-Turner's compliance with the terms of this Consent Decree by:

i. Examining documents or other records required to be made or kept by this Decree; and

ii. Interviewing employees and management about the requirements of and compliance with this Decree.

iii. If the Commission, at its sole discretion, finds Whiting-Turner violated the Decree, the Commission shall provide Whiting-Turner notice of the failure and allow it a period of 30 calendar days from receipt of the notice to comply.

iv. If the dispute, identified in paragraph XII (a)(iii) has not been resolved within 20 days, the Commission may then petition this Court, with notice to Whiting-Turner,

for relief. Such relief may include further permanent or temporary injunctions, monetary relief, costs, or penalties for contempt of court.

## XIII. SEVERABILITY

A.  If one or more provisions of this Decree are rendered unlawful or unenforceable because of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to carry out the intent of the parties.

B.  The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance because of such legislative act or court decision will remain in effect and the parties' responsibilities will not abate as to any provisions that have not been rendered unlawful or unenforceable, unless the intent of this Decree would be undermined.

## XIV. SUCCESSOR LIABILITY

A.  Throughout this Decree, before any sale, merger, or consolidation of the company, Whiting-Turner shall provide written notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, or any other corporation or entity that acquires, merges, or consolidates. Any surviving entities that exist upon completion of the acquisition, merger, or consolidation shall remain fully liable for compliance with this Decree.

B.  Whiting-Turner shall provide notice to the Commission 45 days before any assignment, succession, acquisition, merger, or consolidation.

## XV. COSTS AND EXPENSES

The parties shall bear their own costs, attorney fees, and expenses arising from this litigation.

## XVI. NOTICES AND OTHER COMMUNICATION

All notices, certifications, reports, or other communications that this Decree requires the parties to exchange shall be in writing and transmitted as follows:

1. To the Commission, via electronic mail to:
   EEOC-MEDO-decree-monitoring@eeoc.gov.

2. To Whiting-Turner via email to:
   CHARLES K. GRANT cgrant@bakerdonelson.com
   and RONALD W. TAYLOR rwtaylor@venable.com

Any party may change the contact information by written notice to the other parties setting forth the new information.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF U.S. DISTRICT JUDGE

## RELEASE OF CLAIMS

In consideration for _____ paid to me in connection with the resolution of EEOC v. The Whiting-Turner Contracting Company, Civil Action No. 3:21-cv-00753 filed in the United States District Court for the Middle District of Tennessee, Nashville Division, I waive my right to recover for any claims of race discrimination, racial harassment, and retaliation that I had against Whiting-Turner before this Release and that were in the claims alleged in EEOC's Complaint in the Case.

_____    _____
Date                              Name



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Memphis District Office**

1407 Union Avenue, Suite 901
Memphis, TN 38104
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Memphis Direct Dial: (901) 685-4590
FAX (901) 544-0111
Website: www.eeoc.gov

# APPENDIX B

**EEOC's reporting requirements under Internal Revenue Code, Sections 162(f) and 6050X**

The EEOC may be required to report the fact of this settlement to the Internal Revenue Service under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service.

1. Within 10 business days of the signing of this agreement, The Whiting-Turner Contracting Company/Defendant Employer, (Whiting-Turner) agrees to provide, through the EEOC Respondent Portal, 1) the Whiting-Turner's Employer's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the Whiting-Turner.

2. The EEOC has made no representations regarding whether the amount paid under this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.